UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**CHARLES M.,**

     **Plaintiff,**

                                             **Case No. 2:20-cv-6735**
     **v.**                                   **Magistrate Judge Norah McCann King**

**KILOLO KIJAKAZI,**
**Acting Commissioner of Social Security,**

          **Defendant.**

## OPINION AND ORDER

This matter comes before the Court pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), regarding the application of Plaintiff Charles M. for Disability Insurance Benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.* Plaintiff appeals from the final decision of the Commissioner of Social Security denying that application.[1] After careful consideration of the entire record, including the entire administrative record, the Court decides this matter pursuant to Rule 78(b) of the Federal Rules of Civil Procedure and Local Civil Rule 9.1(f). For the reasons that follow, the Court reverses the Commissioner's decision and remands the action for further proceedings.

## I.    PROCEDURAL HISTORY

On May 12, 2016, Plaintiff filed his application for benefits, alleging that he has been disabled since November 23, 2015. R. 304, 316, 383−84. The application was denied initially and upon reconsideration. R. 317−21, 325−30. Plaintiff sought a *de novo* hearing before an

---

[1] Kilolo Kijakazi, the Acting Commissioner of Social Security, is substituted as Defendant in her official capacity. *See* Fed. R. Civ. P. 25(d).

1

administrative law judge. R. 331. Administrative Law Judge ("ALJ") Douglass Alvarado held a hearing on August 17, 2018, at which Plaintiff, who was represented by counsel, testified, as did a vocational expert. R. 224−58. In a decision dated February 7, 2019, the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act from November 23, 2015, Plaintiff's alleged disability onset date, through the date of that decision. R. 210−19. That decision became the final decision of the Commissioner of Social Security when the Appeals Council declined review on April 3, 2020. R. 1−7. Plaintiff timely filed this appeal pursuant to 42 U.S.C. § 405(g). ECF No. 1. On January 27, 2021, Plaintiff consented to disposition of the matter by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure. ECF No. 9.[2] On that same day, the case was reassigned to the undersigned. ECF No. 10. The matter is now ripe for disposition.

## II.   LEGAL STANDARD

### A.   Standard of Review

In reviewing applications for Social Security disability benefits, this Court has the authority to conduct a plenary review of legal issues decided by the ALJ. *Knepp v. Apfel*, 204 F.3d 78, 83 (3d Cir. 2000).  In contrast, the Court reviews the ALJ's factual findings to determine if they are supported by substantial evidence. *Sykes v. Apfel*, 228 F.3d 259, 262 (3d Cir. 2000); *see also* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (citation and internal quotations omitted); *see K.K. ex rel. K.S. v. Comm'r of Soc. Sec.*,

---

[2]The Commissioner has provided general consent to Magistrate Judge jurisdiction in cases seeking review of the Commissioner's decision. *See* Standing Order In re: Social Security Pilot Project (D.N.J. Apr. 2, 2018).

No. 17-2309 , 2018 WL 1509091, at *4 (D.N.J. Mar. 27, 2018).  Substantial evidence is "less than a preponderance of the evidence, but 'more than a mere scintilla.'" *Bailey v. Comm'r of Soc. Sec.*, 354 F. App'x 613, 616 (3d Cir. 2009) (citations and quotations omitted); *see K.K.*, 2018 WL 1509091, at *4.

The substantial evidence standard is a deferential standard, and the ALJ's decision cannot be set aside merely because the Court "acting de novo might have reached a different conclusion." *Hunter Douglas, Inc. v. NLRB*, 804 F.2d 808, 812 (3d Cir. 1986); *see*, *e.g.*, *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001) ("Where the ALJ's findings of fact are supported by substantial evidence, we are bound by those findings, even if we would have decided the factual inquiry differently.") (citing *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999)); *K.K.*, 2018 WL 1509091, at *4 ("'[T]he district court ... is [not] empowered to weigh the evidence or substitute its conclusions for those of the fact-finder.'") (quoting *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992)).

Nevertheless, the Third Circuit cautions that this standard of review is not "a talismanic or self-executing formula for adjudication." *Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983) ("The search for substantial evidence is thus a qualitative exercise without which our review of social security disability cases ceases to be merely deferential and becomes instead a sham."); *see Coleman v. Comm'r of Soc. Sec.*, No. 15-6484, 2016 WL 4212102, at *3 (D.N.J. Aug. 9, 2016).  The Court has a duty to "review the evidence in its totality" and "take into account whatever in the record fairly detracts from its weight."  *K.K.*, 2018 WL 1509091, at *4 (quoting *Schonewolf v. Callahan*, 972 F. Supp. 277, 284 (D.N.J. 1997) (citations and quotations omitted)); *see Cotter v. Harris*, 642 F.2d 700, 706 (3d Cir. 1981) (stating that substantial evidence exists only "in relationship to all the other evidence in the record").  Evidence is not substantial if "it is

overwhelmed by other evidence," "really constitutes not evidence but mere conclusion," or "ignores, or fails to resolve, a conflict created by countervailing evidence." *Wallace v. Sec'y of Health & Human Servs.*, 722 F.2d 1150, 1153 (3d Cir. 1983) (citing *Kent*, 710 F.2d at 114); *see K.K.*, 2018 WL 1509091, at *4. The ALJ decision thus must be set aside if it "did not take into account the entire record or failed to resolve an evidentiary conflict." *Schonewolf*, 972 F. Supp. at 284-85 (citing *Gober v. Matthews*, 574 F.2d 772, 776 (3d Cir. 1978)).

Although an ALJ is not required "to use particular language or adhere to a particular format in conducting [the] analysis," the decision must contain "sufficient development of the record and explanation of findings to permit meaningful review." *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004) (citing *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 119 (3d Cir. 2000)); *see K.K.*, 2018 WL 1509091, at *4. The Court "need[s] from the ALJ not only an expression of the evidence s/he considered which supports the result, but also some indication of the evidence which was rejected." *Cotter*, 642 F.2d at 705-06; *see Burnett*, 220 F.3d at 121 ("Although the ALJ may weigh the credibility of the evidence, [s/]he must give some indication of the evidence which [s/]he rejects and [the] reason(s) for discounting such evidence.") (citing *Plummer v. Apfel*, 186 F.3d 422, 429 (3d. Cir. 1999)). "[T]he ALJ is not required to supply a comprehensive explanation for the rejection of evidence; in most cases, a sentence or short paragraph would probably suffice." *Cotter v. Harris*, 650 F.2d 481, 482 (3d Cir. 1981). Absent such articulation, the Court "cannot tell if significant probative evidence was not credited or simply ignored." *Id.* at 705. As the Third Circuit explains:

> Unless the [ALJ] has analyzed all evidence and has sufficiently explained the weight [s/]he has given to obviously probative exhibits, to say that [the] decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational.

*Gober*, 574 F.2d at 776; *see Schonewolf*, 972 F. Supp. at 284-85.

Following review of the entire record on appeal from a denial of benefits, the Court can enter "a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing."  42 U.S.C. § 405(g). Remand is appropriate if the record is incomplete or if the ALJ's decision lacks adequate reasoning or contains illogical or contradictory findings. *See Burnett*, 220 F.3d at 119-20; *Podedworny v. Harris*, 745 F.2d 210, 221-22 (3d Cir. 1984). Remand is also appropriate if the ALJ's findings are not the product of a complete review which "explicitly weigh[s] all relevant, probative and available evidence" in the record.  *Adorno v. Shalala*, 40 F.3d 43, 48 (3d Cir. 1994) (internal quotation marks omitted); *see A.B. on Behalf of Y.F. v. Colvin*, 166 F. Supp.3d 512, 518 (D.N.J. 2016). A decision to "award benefits should be made only when the administrative record of the case has been fully developed and when substantial evidence on the record as a whole indicates that the claimant is disabled and entitled to benefits." *Podedworny*, 745 F.2d at 221-22 (citation and quotation omitted); *see A.B.*, 166 F. Supp.3d at 518.

### B.    Sequential Evaluation Process

The Social Security Act establishes a five-step sequential evaluation process for determining whether a plaintiff is disabled within the meaning of the statute. 20 C.F.R. § 404.1520(a)(4). "The claimant bears the burden of proof at steps one through four, and the Commissioner bears the burden of proof at step five." *Smith v. Comm'r of Soc. Sec.*, 631 F.3d 632, 634 (3d Cir. 2010) (citing *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 92 (3d Cir. 2007)).

At step one, the ALJ determines whether the plaintiff is currently engaged in substantial gainful activity. 20 C.F.R. § 404.1520(b).  If so, then the inquiry ends because the plaintiff is not disabled.

At step two, the ALJ decides whether the plaintiff has a "severe impairment" or combination of impairments that "significantly limits [the plaintiff's] physical or mental ability to do basic work activities[.]" 20 C.F.R. § 404.1520(c). If the plaintiff does not have a severe impairment or combination of impairments, then the inquiry ends because the plaintiff is not disabled.  Otherwise, the ALJ proceeds to step three.

At step three, the ALJ decides whether the plaintiff's impairment or combination of impairments "meets" or "medically equals" the severity of an impairment in the Listing of Impairments ("Listing") found at 20 C.F.R. § 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1520(d). If so, then the plaintiff is presumed to be disabled if the impairment or combination of impairments has lasted or is expected to last for a continuous period of at least 12 months. *Id.* at § 404.1509. Otherwise, the ALJ proceeds to step four.

At step four, the ALJ must determine the plaintiff's residual functional capacity ("RFC") and determine whether the plaintiff can perform past relevant work. 20 C.F.R. § 404.1520(e), (f). If the plaintiff can perform past relevant work, then the inquiry ends because the plaintiff is not disabled. Otherwise, the ALJ proceeds to the final step.

At step five, the ALJ must decide whether the plaintiff, considering the plaintiff's RFC, age, education, and work experience, can perform other jobs that exist in significant numbers in the national economy. 20 C.F.R. § 404.1520(g). If the ALJ determines that the plaintiff can do so, then the plaintiff is not disabled. Otherwise, the plaintiff is presumed to be disabled if the impairment or combination of impairments has lasted or is expected to last for a continuous period of at least twelve months.

### III.   ALJ DECISION AND APPELLATE ISSUES

The Plaintiff was 43 years old on his alleged disability onset date. R. 218. Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2021. R. 212. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity between November 23, 2015, his alleged disability onset date, and the date of the administrative decision. *Id*.

At step two, the ALJ found that Plaintiff's degenerative disc disease, obesity, and bipolar disorder are severe impairments. R. 213.

At step three, the ALJ found that Plaintiff did not suffer an impairment or combination of impairments that met or medically equaled the severity of any Listing. R. 213–14.

At step four, the ALJ found that Plaintiff had the RFC to perform sedentary work subject to various additional limitations. R. 214–17. The ALJ also found that this RFC did not permit the performance of Plaintiff's past relevant work as a material handler and medical assistant. R. 217–18.

At step five, the ALJ found that a significant number of jobs–*i.e.*, approximately 185,890 jobs as an order clerk; approximately 2,944,420 jobs as a document preparer; and approximately 975,890 jobs as a telephone information clerk–existed in the national economy and could be performed by an individual with Plaintiff's vocational profile and RFC. R. 218–19. The ALJ therefore concluded that Plaintiff was not disabled within the meaning of the Social Security Act from November 23, 2015, his alleged disability onset date, through the date of the decision. R. 219.

Plaintiff disagrees with the ALJ's findings at step four and asks that the decision of the Acting Commissioner be reversed and remanded for further proceedings. *Plaintiff's*

7

*Memorandum of Law,* ECF No. 15; *Plaintiff's Reply Brief*, ECF No. 17. The Acting

Commissioner takes the position that her decision should be affirmed in its entirety because the

ALJ's decision correctly applied the governing legal standards, reflected consideration of the

entire record, and was supported by sufficient explanation and substantial evidence. *Defendant's*

*Brief Pursuant to Local Civil Rule 9.1,* ECF No. 16.

## IV.   DISCUSSION

The ALJ determined that Plaintiff had the RFC to perform a limited range of sedentary

work, as follows:

> After careful consideration of the entire record, I find that the claimant has the
> residual functional capacity to perform sedentary work as defined in 20 CFR
> 404.1567(a) except he can lift, carry, push and pull ten pounds occasionally and
> less than ten pounds frequently: he can sit for six hours: he can stand and walk for
> two hours: he can occasionally climb ramps and stairs but can never climb ladders,
> ropes and scaffolds; he can occasionally balance, stoop, kneel, crouch and crawl:
> he can never be exposed to unprotected heights, hazardous moving mechanical
> parts or operate a motor vehicle: *he can stand and stretch at the work station after*
> *thirty minutes of sitting*: he can sit for one to five minutes at the work station after
> twenty minutes of standing or walking: he can understand, remember and carry out
> simple instructions with only occasional changes to essential job functions: he can
> make simple work related decisions and can occasionally interact with supervisors,
> coworkers and the public.

R. 214 (emphasis added). Plaintiff argues that this RFC determination is not supported by

substantial evidence because, among other things, the evidence does not support a limitation of

standing and stretching at the workstation after thirty minutes of sitting ("the stand and stretch

limitation"). This Court agrees.

A claimant's RFC is the most the claimant can do despite his limitations. 20 C.F.R. §

404.1545(a)(1). At the administrative hearing stage, the administrative law judge is charged with

determining the claimant's RFC. 20 C.F.R. §§ 404.1527(e), 404.1546(c); *see also Chandler*

*v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011) ("The ALJ—not treating or examining

physicians or State agency consultants—must make the ultimate disability and RFC determinations.") (citations omitted). When determining a claimant's RFC, the ALJ has a duty to consider all the evidence. *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999). However, the ALJ need include only "credibly established" limitations. *Rutherford v. Barnhart*, 399 F.3d 546, 554 (3d Cir. 2005); *see also Zirnsak v. Colvin*, 777 F.3d 607, 615 (3d Cir. 2014) (stating that the ALJ has discretion to choose whether to include "a limitation is supported by medical evidence, but is opposed by other evidence in the record" but "[t]his discretion is not unfettered—the ALJ cannot reject evidence of a limitation for an unsupported reason" and stating that "the ALJ also has the discretion to include a limitation that is not supported by any medical evidence if the ALJ finds the impairment otherwise credible").

The ALJ stated that his RFC determination, including the stand and stretch limitation, "is supported by the claimant's [2016] function report, the objective medical evidence and the State Agency physician's [sic] opinions." R. 217. However, Plaintiff's neither Plaintiff's function report, R. 413−20, nor the opinions of the state agency reviewing physicians, R. 296−303, 305−15, contain any statement or restriction that standing and stretching in place at the workstation after sitting for thirty minutes is sufficient. Moreover, Plaintiff testified at the administrative hearing that, if he sits for thirty or forty minutes, he must then get up and walk around to relieve his pain. R. 247.[3] Significantly, the ALJ provides no citation to "the objective medical evidence" that supports the stand and stretch limitation, *see* R. 217, and the medical evidence summarized earlier in the RFC analysis likewise contains no such limitation. R. 214−16. Based on this record, the Court is unable to determine what evidence, if any, supports the stand and stretch

---

[3] Notwithstanding Plaintiff's testimony that he must get up and move around to relieve pain after sitting for thirty or forty minutes, R. 247, the ALJ also found that his RFC was "consistent with" "the claimant's reported abilities." R. 217.

limitation. Although an ALJ "is not precluded from reaching RFC determinations without outside medical expert review of each fact incorporated into the decision[,]" *Chandler*, 667 F.3d at 362, there still must be "sufficient development of the record and explanation of findings to permit meaningful review." *Jones*, 364 F.3d at 505; *see also Sanford v. Comm'r of Soc. Sec.*, No. CIV. 13-0366 NLH, 2014 WL 1294710, at *2 (D.N.J. Mar. 28, 2014) ("The Third Circuit has held that access to the Commissioner's reasoning is [ ] essential to a meaningful court review.") (citing *Gober v. Matthews*, 574 F.2d 772, 776 (3d Cir. 1978)). In this case, the ALJ has failed to provide an explanation for this physiological restriction. This Court cannot, therefore, meaningfully review the stand and stretch limitation, nor can it conclude that the ALJ's RFC determination enjoys substantial support in the record. *See Masher v. Astrue*, 354 F. App'x 623, 627 (3d Cir. 2009) ("The ALJ is not permitted to 'make speculative inferences from medical reports[.]'") (quoting *Plummer,* 186 F.3d at 429); *A.D. v. Comm'r, Soc. Sec. Admin.*, No. CV 20-6198, 2021 WL 4438239, at *6 (D.N.J. Sept. 28, 2021) (remanding where "[t]he ALJ's residual functional capacity finding did state that Plaintiff was unable to work with the public, but that she could tolerate occasional contact with supervisors and coworkers. However, the ALJ did not explain her reasoning behind the parameters she set."); *Grossman v. Comm'r of Soc. Sec.*, No. CV 18-13360, 2020 WL 6537067, at *3 (D.N.J. Nov. 6, 2020) ("[T]his Court cannot discern from the decision how the ALJ got from the medical evidence of record to the conclusion that Plaintiff can work if she wears shaded lenses. There is simply no explanation for this and, as a result, this Court cannot meaningfully review the ALJ's conclusion."); *Diggin v. Saul*, No. CV 19-0022, 2019 WL 3495593, at *10 (E.D. Pa. July 31, 2019) ("Inadequate discussion that leaves a court to speculate on what evidence led the ALJ to the conclusions set forth in the decision precludes any meaningful judicial review.") (citations omitted). This Court therefore concludes

10

that the decision of the Commissioner must be reversed, and the matter must be remanded to the Commissioner for further consideration of this issue.[4]

## V.   CONCLUSION

For these reasons, the Court **REVERSES** the Commissioner's decision and **REMANDS** the matter for further proceedings consistent with this *Opinion and Order*.

The Court will issue a separate Order issuing final judgment pursuant to Sentence 4 of 42 U.S.C. § 405(g).

**IT IS SO ORDERED.**


Date:  December 17, 2021                    *s/Norah McCann King*
                                  NORAH McCANN KING
                                  UNITED STATES MAGISTRATE JUDGE

---

[4] Plaintiff asserts a number of other errors in the Commissioner's final decision. Because the Court concludes that the matter must be remanded for further consideration of RFC as it relates to the stand and stretch limitation at the workstation after thirty minutes of sitting, the Court does not consider those claims.